■  HATTIE R. JEFFERSON, as Administratrix of the Estate of THOMAS JEFFERSON, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Order, entered December 17, 1964, unanimously modified, on the law, the facts, and in the exercise of discretion, with $30 costs and disbursements to plaintiff to provide that the answer of the defendant to be stricken and judgment granted in favor of the plaintiff, unless defendant pays to the plaintiff the sum of $300 not later than 10 days from the date of the entry of the order to be entered herein, and appears for examination before trial to be held at Special Term, Part II on December 2, 1966 at 10:00 A.M. The record indicates that defendant willfully failed to appear for examination before trial on several occasions. In view of such defaults it was an improvident exercise of discretion for Special Term merely to have ordered an examination before trial. The answer should have been ordered stricken unless defendant appear for examination, and provision should have been made toward the payment of disbursements and counsel fees incurred by plaintiff as the result of the default of the defendant. (Nomako v. Ashton, 22 A D 2d 683.) We fix that sum to be in the amount of $300. Settle order on notice. Concur — Breitel, J. P., Rabin. Stevens, Steuer and Capozzoli, JJ.

■  LENA HEYMAN, Appellant, v. HILLSIDE PRESCRIPTION CENTER, INC., Respondent.— Order, entered on March 7, 1966, affirmed, with $30 costs and disbursements to respondent. There was no abuse of discretion in denying the motion for a general preference. The record, particularly the medical proof, amply warranted the disposition made. Concur — Breitel, J. P., Rabin, Stevens and Steuer, JJ.; Capozzoli, J., dissents in the following memorandum: I dissent and vote to reverse and grant plaintiff's application for a general preference. The diagnosis of the treating physician as to the presence of a compression fracture of the first lumbar vertebra is confirmed by the X-ray examination. It is further revealed that the plaintiff was fitted with a brace, which she was still wearing at the time of making this motion.

■  ALICE ENGLISH, Respondent, v. CORNELIUS F. ENGLISH, Appellant.— Order, entered on September 27, 1966, unanimously modified, on the law, the facts and in the exercise of discretion, without costs or disbursements, to limit the physical examination to exclude radical or operative procedures. While we agree that the plaintiff is entitled to have the physical examination of defendant that she seeks, we find that the notice calling for such examination is too broad in that there is no protection against the use of radical or extensive operative procedures in the examination. The defendant should be protected in this respect and the order to be entered should set forth the procedures to be used. Settle order on notice. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.